**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TERENCE W. OCHS, <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS C. HINDMAN, SR., <br><br> Defendant. | Case No. 1:16-cv-7641 <br><br> Judge: Robert W. Gettleman <br> Magistrate Judge: Maria Valdez |

**PLAINTIFF'S MOTION FOR
<u>ENTRY OF JUDGMENT BY CONFESSION</u>**

Plaintiff Terence W. Ochs ("Ochs") respectfully moves the Court for entry of judgment by confession against Defendant Nicholas C. Hindman, Sr. ("Hindman"). In support of his motion, Ochs states as follows:

1. On April 24, 2013, Ochs filed in this Court an action against Hindman to recover on a promissory note, of which Hindman was a guarantor. (Case No. 1:13-cv-03098.) On February 10, 2014, Ochs and Hindman executed a settlement agreement disposing of the action (the "Settlement Agreement," attached hereto as Exhibit A; *see also* Ochs Decl. ¶ 2.) On February 10, 2014, the parties filed a joint stipulation dismissing the action with prejudice. (Case No. 1:13-cv-03098, Dkt. No. 33.)

2. The Settlement Agreement is structured so that Hindman will have paid Ochs $200,000 by June 1, 2020. Hindman agreed to pay Ochs an initial lump sum payment of $10,000. (Ex. A ¶ 1.a.) Hindman also agreed to pay Ochs a series of increasing monthly payments: $1,000 per month for the first 12 months (March 1, 2014 through February 1, 2015); $2,000 per month for the following 12 months (March 1, 2015 through February 1, 2016);

$3,000 per month for the following 51 months (March 1, 2016 through May 1, 2020); and a final payment of $1,000 by June 1, 2020. (*Id.* ¶ 1.b.)

3. The Settlement Agreement provides that Hindman shall be in default if Hindman fails to make payments as required by the Settlement Agreement. (Ex. A ¶ 2.)

4. Under the agreement, Hindman was required to pay to Ochs $64,000 by August 1, 2016. (Ex. A ¶¶ 1.a, 1.b.i-iii; *supra* ¶ 2.) To date, Hindman has paid only $47,000 to Ochs and has not made a payment since February of 2016. (Ochs Decl. ¶ 4.) Thus, $153,000 remains to be paid by Hindman to Ochs under the settlement agreement; Hindman has failed to make payments as required by the Settlement Agreement; and Hindman is in default.

5. In the Settlement Agreement, Hindman agreed and authorized any attorney to appear for Hindman and confess judgment for the full balance remaining due under the Settlement Agreement. (Ex. A ¶ 3.) Ochs filed this action to enforce the confession of judgment provision in the Settlement Agreement.

6. In the Settlement Agreement, Hindman waived service of process for this action and waived all errors in the entry of any judgment by confession. (Ex. A ¶ 3.) Notwithstanding Hindman's waiver of service of process, Ochs has sent a copy of the complaint to Hindman via email—the method by which the parties have corresponded for over two years—and will send a copy of this motion on Hindman once it is filed. (Ochs Decl. ¶ 3.)

7. Confession of judgment clauses (or "cognovit notes") are enforceable in federal court and under the U.S. Constitution. *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 994 (7th Cir. 2008) ("Even confession-of-judgment clauses in cognovit notes are enforceable") (*citing D. H. Overmeyer Co.*, 405 U.S. 174 (1972)); *Soc'y of Lloyd's v. Ashenden*, 233 F.3d 473, 479 (7th Cir. 2000) (enforcing confessed judgment).

8. Similarly, Illinois law recognizes the enforceability of a confession of judgment provision by expressly authorizing by statute that "any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process." 735 ILCS 5/2-1301 (West 2016).

9. Because the Settlement Agreement, signed by Hindman, expressly provides that any attorney may appear for Mr. Hindman and confess judgment without process, Ochs is entitled to immediate entry of judgment in favor of Ochs and against Hindman.

10. The Settlement Agreement further provides that if Hindman is in default, and Ochs takes steps to enforce the Settlement Agreement through litigation or otherwise, Hindman shall pay Mr. Ochs' reasonable attorneys' fees incurred in enforcing the Settlement Agreement. (Ex. A ¶ 4.)

11. Ochs has incurred fees and will incur additional fees in enforcing the Settlement Agreement.

WHEREFORE, Ochs respectfully moves the Court for entry of judgment in Ochs favor and against Hindman in the amount of $153,000, plus costs, interest, attorneys' fees and expenses, and such further relief as the Court deems just.

Date: <u>August 17, 2016</u>  Respectfully Submitted,

*/s/ Stephen C. Jarvis*
Matthew M. Wawrzyn (#6276135)
*matt@wawrzynlaw.com*
Stephen C. Jarvis (#6309321)
*stephen@wawrzynlaw.com*
**WAWRZYN & JARVIS LLC**
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
(312) 283-8010

*Counsel for Terence W. Ochs*